

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 7, 1961

Honorable Alton R. Griffin
County Attorney
Lubbock County
Lubbock, Texas

Opinion No. WW-1216

Re: Whether a child under six-
teen years of ago who has
completed the ninth grade
and whose services are
needed for the support
of his parents is required
to attend school under the
compulsory attendance laws,
and related question.

Dear Mr. Griffin:

You have requested an opinion of this Department on
the following two questions:

"(1) Is a child under sixteen (16) years of
age who has completed the ninth (9th) grade and
whose services are needed for the support of his
parents, required to attend school under the com-
pulsory school attendance laws?

"(2) Is a child over sixteen (16) years of
age required to attend school until he has com-
pleted the ninth (9th) grade?"

The "Compulsory School Attendance Laws" to which
you refer in your letter are codified in the Civil Statutes
as Article 2892, Vernon's Civil Statutes, and the correspond-
ing penal provision as Article 297, Vernon's Penal Code, and
read in part as follows:

"Every child in the State who is seven (7)
years and not more than sixteen (16) years of
age shall be required to attend the public
schools in the district of its residence, or
in some other district to which it may be
transferred as provided by law, for a period
of not less than one hundred and twenty (120)
days annually. . . ."

Article 2893, Vernon's Civil Statutes, and Article
298, Vernon's Penal Code, read in part as follows:

". . .

"5. Any child more than sixteen (16) years of age who has satisfactorily completed the work of the ninth grade, and whose services are needed in support of a parent or other person standing in parental relation to the child, may, . . . be exempted from further attendance at school."

We will consider your last question first, because it has been answered by this office in Attorney General's Opinion V-954 (1949), in which it was held that a child who attains the age of sixteen or over before the beginning of the public free schools in his district is not subject to the provisions of the compulsory attendance law, whether or not he has completed the work of the ninth grade. We are enclosing a copy of this opinion and your second question is correspondingly answered in the negative.

As to your first inquiry, you reverse the above and ask whether a child under sixteen years of age, who has completed the ninth grade, etc., is required to attend school under the compulsory school attendance law. We are of the opinion that this question should be answered in the affirmative.

You are referred to the original caption of the compulsory school attendance act of 1915, Acts, 34th Leg., ch. 49, p. 93, which reads as follows:

"An Act to compel attendance upon public schools of Texas by children between the ages of 8 and 14 years."

In Butler v. State, 194 S.W. 166, (Tex.Crim. 1917), it was held that a child who attained the statutory age of fourteen before the beginning of the public free schools in his district was not subject to the provisions of that compulsory attendance law. This case was decided when the law which is now codified as Article 2892, Vernon's Civil Statutes, and Article 297, Vernon's Penal Code, provided that every child of not more than fourteen years was subject to the compulsory attendance law. In 1935, the law was amended (Acts, 44th Leg., ch. 160, p. 409) to substitute "seven years" for "eight years", and "sixteen years" for "fourteen years".

We point out the foregoing because we believe that it is the legislative intent, and the construction of such by the courts, that the governing factor should be the age of the child at the beginning of the school term which controls. In

arriving at the legislative intent, it is of primary importance to ascertain the purpose for which the statute was enacted. Harris County v. Tennessee Products Pipe Line Co., 332 S.W.2d 777 (Civ.App. 1960). The apparent purpose of this statute is simply to compel the attendance of children between the ages of seven and sixteen in the public schools of Texas.

We recognize that there is an apparent inconsistency within the provisions of the statute itself regarding the effect of the provision as to completing the ninth grade. However, in Wood v. State, 133 Tex. 110, 126 S.W.2d 4 (1939), the Court used the following language:

"It is the settled law that statutes should be construed so as to carry out the legislative intent, and when such intent is once ascertained, it should be given effect, even though the literal meaning of the words used therein is not followed. . . ."

Thus, we are of the opinion that a child under sixteen years of age who has completed the ninth grade is subject to the compulsory school attendance law, and a child over sixteen years of age is not subject to such, regardless of whether or not he has completed the ninth grade.

### S U M M A R Y

(1) A child under sixteen (16) years of age who has completed the ninth (9th) grade is subject to the provisions of Article 2892, Vernon's Civil Statutes, and Article 297, Vernon's Penal Code.

(2) A child over sixteen (16) years of age is not required to attend school under Article 2892, Vernon's Civil Statutes, and Article 297, Vernon's Penal Code, regardless of whether he has completed the ninth (9th) grade or not.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Eugene B. Smith
Assistant

EBS:dhs

Honorable Alton R. Griffin, page 4 (WW-1216)

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

Henry Braswell
Malcolm L. Quick
Joe B. McMaster

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.